UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY W. KRIEGER,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

    Defendant.

Civil Action No. 98-1703  (CKK)

**MEMORANDUM OPINION**
(June 16, 2008)

On January 7, 2008, the Court issued an Order and Memorandum Opinion that granted-in-part and held-in-abeyance-in part Defendant's [83] Motion for Summary Judgment.  *See* [127] Order and [128] Mem. Op. (Jan. 7, 2008).  The Court explained that Plaintiff Roy W. Krieger ("Krieger") had raised genuine issues of material fact with respect to whether Defendant Department of Justice (the "DOJ") had maintained three records related to Krieger's First Amendment activities in violation of section 552a(e)(7) of the Privacy Act.[1]  The Court ordered further briefing, however, because neither Party had sufficiently briefed whether the maintenance of these records caused Krieger to suffer any adverse effects or actual damages.  *See* [127] Order at 1 (requiring the Parties to "file supplemental factual and legal briefing concerning any adverse impact, and any actual damages suffered, resulting from [the DOJ's] possible collection of documents implicated by section 522a(e)(7) of the Privacy Act").  Pursuant to the Court's January 7, 2008 Order, Krieger filed a three-page Supplemental Brief with a one-page declaration

---

[1] The DOJ is the sole remaining Defendant in this case.  *See* [7] Order at 1 (Oct. 7, 1998); [125] Order at 1 (Mar. 8, 2005).

on March 6, 2008, and the DOJ filed a Response on April 17, 2008. Krieger did not file a Reply. After thoroughly reviewing the Parties' submissions, including the attachments thereto, applicable case law and statutory authority, and the record of the case as a whole, the Court shall grant the portion of Defendant's [83] Motion for Summary Judgment previously held in abeyance, for the reasons that follow.

## I.  DISCUSSION

The facts of this case were exhaustively detailed in the Court's January 7, 2008 Opinion, and the Court shall incorporate that Opinion herein. *See* [128] Mem. Op. at 1-51 (Jan. 7, 2008). As to the remaining claim, Krieger alleges that the DOJ maintained the following three records related to his First Amendment activities: (1) a publicly-available announcement for a speech he was scheduled to give at the National Air Transportation Foundation on April 4, 1989, (2) a publicly-available announcement for a speech he was scheduled to give on international terrorism on September 18, 1989, and (3) a copy of a publicly-available complaint filed by Krieger against Kroll & Tract, one of his former law firms, on August 2, 1992. *Id.* at 33. These records were found in a storage box located in a DOJ storage room and were not maintained in a system of records. *Id.* at 20-22. Krieger alleges that maintenance of these records violates section 552a(e)(7) of the Privacy Act, which prohibits an agency from maintaining "record[s] describing how any individual exercises rights guaranteed by the First Amendment." *Id.* at 33.

Contrary to Krieger's Supplemental Brief, the Court's January 7, 2008 Opinion did *not* find that the "Defendant Department of Justice . . . had violated subsection (e)(7) of the Privacy Act by unlawfully maintaining records of [Krieger's] First Amendment activities . . . ." Pl.'s Suppl. Br. at 1. Rather, the Court found that there were genuine issues of material fact as to whether these three documents were agency records that described Krieger's First Amendment

activities, and that the Parties had failed to sufficiently brief whether Krieger had suffered any adverse effect or incurred any actual damages. *See* Mem. Op. at 35-36 ("the Court cannot conclusively find that the records identified by Krieger are not 'agency records' . . . [but] a plaintiff must [also] show that the maintenance of these types of records had 'an adverse effect,' as well as produced 'actual damages,' to obtain monetary [relief]"). Thus, the question before the Court is whether Krieger has also raised genuine issues of material fact with respect to whether (1) he suffered an adverse effect that is causally related to the DOJ's maintenance of these records, 5 U.S.C. § 552a(g)(1)(D) (authorizing civil actions where an agency fails to comply with the Privacy Act "in such a way as to have an adverse effect"), and (2) the DOJ's intentional conduct caused him to incur actual damages, *id.* § 552a(g)(4)(A) ("[i]n any suit . . . in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the . . . actual damages sustained").

      Krieger's Supplemental Brief explains that "some seven years ago" he discovered that the DOJ had maintained the three records described above, causing him to conclude that his former supervisors "were actively monitoring his First Amendment activities for nefarious purposes." Pls.' Suppl. Br. at 2-3. He further explains that he "began to apprehend that [he] was being hunted by [his former supervisors], under the auspices of Defendant DOJ." *Id.*, Ex. 1 ¶ 1 (Decl. of Roy W. Krieger). As a result, Krieger asserts that he began to suffer "severe anxiety, apprehension and insomnia" that "required treatment by five separate physicians and experimentation with numerous medications, mostly unsuccessfully" and that he has "prescriptions for Dalmane and Visterol to control the insomnia." *Id.*, ¶ 2. Krieger then describes his actual damages as the costs associated with his medical treatment, lost work and

enjoyment time, emotional pain and suffering, and attorneys' fees. *Id.* ¶ 3.

The Court finds that Krieger has failed to show a causal connection between the DOJ's maintenance of three publicly-available documents produced between 1989 and 1992 that were contained in a storage box located in a DOJ storage room, and the purported adverse effects to his health. As an initial matter, the Court recognizes that lay testimony can be admissible to show harm. *See, e.g.*, *Webb v. Hyman*, 861 F. Supp. 1094, 1103 (D.D.C. 1994) (finding that plaintiff properly relied on lay testimony as evidence supporting her claim that she was traumatized by her supervisor's harassment). Nevertheless, Krieger alleges in this case that he sought medical treatment and received various prescription medications for his "severe anxiety, apprehension and insomnia," but fails to substantiate his claims by submitting any medical bills or proof of treatment. This failure is particularly notable given the length of time Krieger has had to submit such evidence. *See Doe v. Gates*, 981 F.2d 1316, 1323 (D.C. Cir. 1993) (explaining that "[t]he single vague paragraph of [plaintiff's] affidavit" was insufficient to raise a material fact, particularly "given the period of time [the plaintiff] has had to accumulate any further evidence to survive the summary judgment motion").

Even if Krieger had substantiated his assertions of harm, he has failed to show that his symptoms and subsequent medical treatment were causally related to the DOJ's maintenance of these three records. *See Albright v. United States*, 732 F.2d 181, 186 (D.C. Cir. 1984) (holding that an adverse effect alone is insufficient to recover under the Privacy Act where there is no showing of causation, and affirming lower court's finding that the plaintiffs failed to show that their emotional trauma was caused by being videotaped rather than other sources of emotional distress); *Thompson v. Dep't of State*, 400 F. Supp. 2d 1, 14 (D.D.C. 2005) ("[p]laintiff's argument that the alleged violation caused her anxiety disorders also lacks support . . . plaintiff

4

must prove a connection between the alleged violation and her emotional distress . . . [and] plaintiff's many other problems at work are a 'potential, and more probable, cause of the claimed injuries'") (quoting *Albright*, 732 F.2d at 188), *aff'd*, 210 Fed. Appx. 5 (D.C. Cir. 2006), *reh'g en banc denied*, 2007 U.S. App. LEXIS 3961 (D.C. Cir. Feb. 21, 2007).

Evidence of causation is particularly essential on this record because Krieger's original Complaint filed on July 8, 1998, contained allegations of Privacy Act violations and claims of emotional distress.  *See* Compl. ¶¶ 39-47, 64-68.  Krieger readily admits, however, that he did not learn about the DOJ's maintenance of these three records until several years *after* he filed his Complaint during discovery.  *See* Pl.'s Suppl. Br. at 2 ("Plaintiff can attest as to the harm which he has suffered since learning of the existence of these documents some seven years ago").  *See also* Def.'s Suppl. Br. at 6 (quoting Krieger at a status hearing before the Court on November 20, 2000, as saying ""[o]ne thing that discovery has shown so far that isn't even in my amended complaint because I had no idea it was going on, and that is a potential violation of the Privacy Act for tracking my First Amendment activities").  Krieger has made no effort to show that his alleged injuries are causally related to his remaining claim concerning the DOJ's maintenance of these three documents as opposed to the claims previously dismissed by the Court.[2]

Krieger's assertions regarding actual damages similarly lack any showing of causation. Krieger alleges that he incurred medical expenses of "several thousand dollars." *Id.* ¶ 3.  This vague assertion is unsupported by the submission of medical bills that could show what treatments were received, why they were administered, and the specific costs associated with

---

[2] Krieger's assertion that the DOJ's maintenance of three publicly-available documents from almost two decades ago led him to believe he was being "hunted" might be characterized as an overstatement.  Nevertheless, the Court does not resolve the instant Motion on these grounds.

them.  The mere existence of medical expenses is insufficient to show the requisite connection to Krieger's knowledge from seven years ago that the DOJ possessed these three documents. Similarly, Krieger alleges that he incurred actual damages in the form of "lost work time and lost enjoyment time, together with emotional pain and suffering."  *Id.*  The Court is not required to credit such conclusory statements.  *See Mulhern v. Gates*, 525 F. Supp. 2d 174, 187 (D.D.C. 2007) (granting summary judgment on a Privacy Act claim where plaintiff's only evidence of his injuries was a declaration wherein he stated that his professional reputation and stature in the security professional community were harmed).  Here, Krieger does not even attempt to quantify his lost work and enjoyment time or his emotional pain and suffering.[3]  Krieger fails to make *any* showing that these damages were caused by his knowledge that the DOJ maintained these three documents as opposed to any other possible influences.

Krieger also alleges that he has incurred actual damages in the form of attorneys' fees because he has expended "at least 80 hours of legal work at $350.00 per hour just to litigate this single issue."  Pl.'s Suppl. Br., Ex. 1 ¶ 3 (Decl. of Roy W. Krieger).  To recover attorneys' fees, however, Krieger must first show that he has suffered an adverse effect as a result of an intentional or willful Privacy Act violation.  *See* 5 U.S.C. §552a(g)(1), (g)(1)(4)(B).  As reflected above, Krieger has failed to show that he suffered a causally-related adverse effect, and he has presented no evidence that the DOJ engaged in an intentional or willful Privacy Act violation.[4] For these reasons, Krieger's bare assertion of attorneys' fees fails to establish the elements

---

[3] The law in this Circuit is unresolved with respect to whether emotional distress may constitute actual damages.  *See Rice v. United States*, 245 F.R.D. 3, 6 (D.D.C. 2007).  In light of the other deficiencies noted above, the Court need not reach this issue.

[4] The DOJ's Supplemental Brief identified this deficiency in Krieger's argument, *see* Def.'s Suppl. Br. at 9-11, but Krieger did not file a Reply.  *See generally*, Pl.'s Suppl. Br. at 1-3.

necessary to prevail on his remaining claim.

Krieger argues in his Supplemental Brief that the Court should grant him leave to conduct additional discovery to ascertain what adverse effects he has suffered and how these three documents have been used by the DOJ. *See* Pl.'s Suppl. Br. at 2. Krieger's argument is entirely illogical given his allegation that he began suffering adverse effects upon learning of the documents' existence. *Id.* at 1. Clearly Krieger, and not the DOJ, possesses the evidence associated with the harm he has allegedly suffered based on his knowledge that these records were maintained in a DOJ storage room. Moreover, Krieger's claim is based on the DOJ's *maintenance* of these records in violation of the Privacy Act, not their use – the Court has already dismissed Krieger's claims based on the alleged improper disclosure of these records. *See* Mem. Op. at 20-22 (dismissing Krieger's improper disclosure claims because the documents were not maintained in a system of records). The Court need not grant additional discovery that is irrelevant to the issues to be decided. *See Dunning v. Quander*, 508 F.3d 8 10 (D.C. Cir. 2007).[5] Accordingly, the Court finds that Krieger has failed to show that he has suffered an adverse effect or actual damages as a result of the DOJ's maintenance of these records.

One final issue remains. Notwithstanding Krieger's failure to establish the elements

---

[5] Krieger also argues that he should be given access to a document that is subject to a Protective Order. *See* Pl.'s Suppl. Br. at 1 n.1. Although Krieger fails to include any facts or citations that would explain this argument, it appears Krieger is alluding to the protective order granted by the Court on November 17, 2000 concerning two documents: (1) a two-page handwritten letter written by former Defendant Kathlynn Fadley's aunt and sent to Ms. Fadley, and (2) a hand-written note on a post-it that was attached to a newspaper article written by a DOJ attorney who worked in the same office as Ms. Fadley. *See* [51] Order and [50] Mem. Op. at 15-18 (Nov. 17, 2000). Even if Krieger could show that these are agency records that describe his First Amendment activities (a questionable proposition, at best), Krieger fails to explain how they could possibly help him show that he has suffered an adverse effect from the DOJ's maintenance of these records, or how they provide any support for his position that he has suffered actual damages. The Court therefore finds that Krieger's argument lacks merit.

necessary to prevail on his remaining claim, the Court's January 7, 2008 Opinion explained that the Court could not find, as a matter of law, that the three records were not agency records. *See* [126] Mem. Op. at 35-36. Accordingly, the Court ordered the DOJ to indicate whether it would be willing to expunge the records. *See* [127] Order at 1 (Jan. 7, 2008). *See also Albright v. United States*, 558 F. Supp. 260, 265 (D.D.C. 1982) (finding that the plaintiffs had failed to establish a violation of the Privacy Act but ordering that the videotape at issue be destroyed following exhaustion of all appellate remedies), *aff'd*, 732 F.2d 181 (D.C. Cir. 1984). The DOJ's Supplemental Brief indicates that the DOJ "is willing to expunge these records." Def.'s Suppl. Br. at 16. Consistent with that representation, the Court shall order the DOJ to expunge the records upon the earlier of (1) a request by Krieger to have the records expunged, or (2) exhaustion of all appellate remedies sought in this case, if any.

## II.  CONCLUSION

For the reasons set forth above, the Court shall grant the portion of Defendant's [83] Motion for Summary Judgment previously held in abeyance. As there are no remaining claims pending, the Court shall dismiss this case in its entirety. An appropriate Order accompanies this Memorandum Opinion.

Date:  June 16, 2008

                                      /s/
                                   COLLEEN KOLLAR-KOTELLY
                                   United States District Judge